Consolidated Appeals, Case Numbers 242707 and 242712, and I understand that the Council to the Government is on Zoom. Can you hear us? Yes, sir. Great, great. So we'll start with the hearing from counsel for Mr. Smith. Good morning. Good morning. May it please the Court. My name is Chloe Lewis, and I represent the appellant, Mr. Smith, in this appeal, but did not represent him in the proceedings below. This Court should vacate the amended judgment entered in 09-CRIM-337 and remand for an in-person hearing because the District Court violated Mr. Smith's right to be present when it resentenced him in his absence to 13 months' imprisonment for a VOSR to run consecutively to his other federal term of imprisonment. Had Mr. Smith been present, he could have argued for the first time that the District Court should account for time he's now serving in state custody when imposing the sentence. And as a result of the District Court's error, Mr. Smith will need to return to federal custody after completing his state sentence to finish the federal term of imprisonment he reasonably believed was behind him. Now, whether the mandate called for a limited or de novo resentencing, Mr. Smith's presence was required. This Court vacated part of the amendment. What if the mandate did not call for a resentencing per se? What if the mandate called just for a ministerial change in the judgment and conviction order to conform to the oral pronouncement? What if, just accept that, then what's the answer? Well, I think your question includes two questions, Your Honor. The first is what if it's ministerial, and the second is what if the language of the mandate only instructed the District Court to conform the written judgment. So take the first one, then take the second one. Sure. Please. So if the remand were purely ministerial, strictly ministerial by force of law, that would excuse the defendant's presence. But that only happens in situations where there is no mechanism under the law for the District Court to alter the amount of time served. For instance, where the defendant is already subject to a mandatory minimum life sentence, like in the Burrell case, or where one of the remaining counts of conviction has a term of imprisonment that was concurrent to the one that's since been vacated. In those situations, there's nothing for the Court to do. Well, that is not good. But that's not the situation we have in this case, because there were valid reasons to address Mr. Smith's sentence. And the District Court's prior conduct, including the very Rule 35 error that led to the last appeal, indicates that it was open to it. And the District Court could have accomplished that objective in several ways, even without revisiting all of the underlying calculations. For instance, by giving Mr. Smith credit under Section 5G1.3b of the Guidelines, or by ordering that the VOSR sentence run concurrent to the ongoing State sentence. As to the second part of your question, what would happen if the language of the mandate merely instructed the District Court to conform the terms of the written judgment to the oral pronouncement? In the first instance, this case does not require the Court to determine the outer bounds of when that language would require a defendant's presence, because the facts here are so different, because the Court did impose, excuse me, did remand for the District Court to impose a sentence and for further proceedings. But I'll direct the Court to the Thomas case. Have you answered the question? I will, Your Honor. You stated it, and then you stated a lot of other things. But I don't hear an answer to the question into which you have divided Judge Follier's original question. Of course, Your Honor. So even in the Thomas case, which is a case the government cites in its brief, the Court noted in a footnote that although it was merely remanding for the District Court to conform the terms of the written judgment to the oral pronouncement, it did not need to address whether a resentencing was required in that case in the defendant's presence, because none of the parties had requested that sort of relief. In that case, the defendant had appealed and obtained a favorable outcome, which was the removal of a problematic condition of supervised release. And why does what the parties ask for affect the scope of the mandate? I mean, here it says remand to the District Court. For it to impose the consecutive sentence it pronounced, it's resentencing here. That seems pretty clear, and I don't see the discretion built into that phrasing. The mandate in this case, the language that you just read, does instruct the District Court to impose a sentence and for further proceedings. And what's the question? Not just a sentence. The sentence that was originally announced in the defendant's presence. Yes. That's right. The consecutive sentence it pronounced. Yes, that's right, Your Honor. It ordered the District Court to impose the 13 months consecutive to the other Federal term of imprisonment. But what the mandate did not do was limit the District Court from considering new circumstances that had arisen since the last sentencing and since the appeal that had never been before either court. That's an exception to the mandate rule, and when there are such intervening circumstances as there were in this case, the District Court is able to go beyond the scope of the mandate. And the reason for this is because the District Court is supposed to sentence the defendant as he stands before the court on the day of the sentencing. But that already occurred. That had already occurred. And look, I am actually quite sympathetic, and I've written about this, to the idea that District Courts ought to be able, in the absence of statutory prohibitions, to reconsider a sentence after oral pronouncement. But the statutes beat me out on that one. So it seems to me that the sentencing had already occurred, and the District Court judge here had some misgivings, and on appeal said, well, too bad. The sentencing, the judgment of conviction order, needs to conform with the oral pronouncement. End of story. Further proceedings just means, I think, making sure that the oral pronouncement and the written judgment of conviction order mirror each other, and nothing more. But you're saying it – you're suggesting that it meant something more. Yes. I'm almost out of time, but I have two quick thoughts, Your Honor. The first is that to the extent there was any ambiguity with respect to the scope of the mandate, the malky says that that ambiguity is to be resolved in favor of the District Court. So here, if it was unclear whether a resentencing was necessary, that ambiguity – excuse me – the malky case directs the Court to resolve that in favor of Mr. Smith. My second point, very briefly, is that to go back to the 2022 oral pronouncement essentially would require the District Court to travel back in time, as though nothing has changed. But that's not true. The facts have changed. At that point, Mr. Smith had not yet gone from Federal to State custody. Now, he is in State custody. That's a result of the District Court's error. And so the question of whether the District Court could credit Mr. Smith's Federal sentence with time he's been serving in State custody, it's never been before the Court, and it necessarily is now because that time has lapsed. Thank you. Thank you so very much. Thank you. That's very helpful. We'll hear from the government. Did you hear that, Mr. Dosanjh? Yes. It came in very clearly. Thank you, Your Honor. Good morning. May it please the Court. My name is Rajiv Dosanjh, and I represent the government in this appeal. You know, it's never a great thing to put a Liverpool banner in your background. You're taking a big risk there. I am willing to take that risk. I just want to thank the Court for allowing me to appear in the video conference in light of the government shutdown. This Court, as the Court has noted, this Court's mandate in the prior appearance was narrow. It vacated the District Court's Rule 35 error and remanded to the District Court,  to impose the consecutive sentence it pronounced at Smith's resentencing hearing. This Court did not order, let alone permit, the District Court to reconsider the sentence it had already pronounced. Indeed, the whole point of the remand was for the District Court to impose that same sentence. By the expressed terms of the summary order issued in the prior appeal, the District Court had no authority to revisit Mr. Smith's sentence. And even if the Court had not said so expressly, the spirit of the mandate would not permit resentencing. In the previous appeal, the Court found that the District Court had violated the Rule of Finality and exceeded the limits of Rule 35a by reconsidering its sentence after the fact. It would make no sense for this Court to then permit the District Court to revisit its sentence in the guise of correcting that very error. Therefore, the District Court did not abuse its discretion, let alone commit plain error, by canceling the resentencing hearing it had scheduled and simply amending the written judgment to conform to the sentence it had already pronounced. There was no requirement that the District Court hold a hearing to carry out this Court's narrow mandate. And because this Court did not order resentencing, there was no requirement that Smith be present. One of your friends' argument that there are compelling circumstances in light of the District Court's multiple errors here, that the circumstances here have been the result of the District Court's errors and those are comprised of compelling circumstances that would warrant going beyond their reimposition of the consecutive sentence. Your Honor, I think the appellant's point in that regard relies exclusively on cases where this Court did vacate the sentence and ordered a resentencing. Under those circumstances, there could be compelling circumstances that arise that would widen the mandate. If the mandate had called for limited resentencing, there could be an argument that in light of the changed circumstances, you could have denotable resentencing. But that was not the case here. The mandate was very clear that really the District Court, all it had to do was conform its written judgment to the preexisting sentence. And this Court's case law makes very clear under those circumstances the defendant's presence at a hearing is not necessary and there is no resentencing. I would point the Court to the Arouse case that's cited on page 27 of our brief that spells that out. And at least one circuit, other circuit, has expressly held that where a court is really left with the task of conforming its written judgment to the oral sentence, the defendant's presence is not required. And that's the Rainwater case on page 28 of our brief. As for the idea of changed circumstances, I think it's important to clarify a factual matter. Smith completed his federal term in prison before the briefing was filed in the previous appeal. And the parties discussed the impact of that circumstance in their briefs. The fact that Smith completed his prison term was not a new circumstance that arose after this Court's mandate. Likewise, the District Court, when it canceled the resentencing hearing, it first had received submissions from the parties, including one from defense counsel, which made that point very clearly. But in that letter that the Court received, I think defense counsel widely recognized the limits of the narrowness of the mandate. Defense counsel did not suggest that there could be a resentencing. It merely suggested there was no prohibition on the District Court holding a hearing to, quote, effectuate the Court's mandate. So even if there was a reason for a hearing or if the District Court had some discretion to hold a hearing, we would, I think, be in both abuse of discretion land and also plain error because defense counsel below never suggested that there was a Rule 43 violation by not holding a hearing and never argued the Constitution required Mr. Smith's presence. So for those reasons, Your Honor, I think under the circumstances of this case, there was no error by the District Court. Unless the Court has further questions, I'll rest on the arguments in our brief. Thank you. Thank you very much, Ms. Smith. Thank you, Your Honor. Rebuttal. Thank you, Your Honor. I will hopefully address three points. First, my colleague, the government, they've suggested that allowing a District Court to resentence in a case like this one where there's been some prior error would, in a sense, open the floodgates to allow for any sort of – to allow a District Court to essentially redo any prior sentence. But that's not true because a District Court, including the District Court in this case, its discretion will always be cabined by the proceedings that had led up to that point, including the prior mandates from this Court in previous appeals and including the District Court's own prior rulings to the extent that those rulings were not impacted by a mandate, by this Court, or by the changed circumstances. Second, my colleague suggested that this case is different from those in which part of a sentence was vacated. But that also isn't true because this Court, during the prior appeal, vacated an aspect of the judgment. And in vacating an aspect of the judgment, this Court vacated that aspect of Mr. Smith's sentence. But it was for a very specific reason. That is, we assigned error to the District Court's – to the fact that the District Court imposed a sentence, a sentencing orally, and that was not reflected in the written judgment and conviction. And what I think the government is arguing in part is, well, why would we want to invite the District Court to commit the same error again after or in light of our mandate? If you're correct, that's what would happen. Understood, Your Honor. Of course, the District Court, again, would be – would not be able to reconsider that aspect of the sentence that the – I'll just finish. I'm almost out of time. Go ahead. Thank you. The District Court would not be able to make that same error because this Court's mandate did instruct the District Court to impose that consecutive Federal sentence. So it couldn't make that mistake again because it isn't able to under the mandate. And, you know, had this Court wanted to so limit the District Court to conforming the text of the judgment to the oral pronouncement, it could have done so because it has done that in other cases. But here it did not. And so if there are no further questions, we will rest on our papers. Thank you very, very much. It's very helpful. We'll reserve the decision.